**McGuireWoods LLP**
Matthew C. Kane, Esq. (SBN 171829)
    Email: mkane@mcguirewoods.com
Michelle R. Walker, Esq. (SBN 167375)
    Email: mwalker@mcguirewoods.com
Bethany A. Pelliconi, Esq. (SBN 182920)
    Email: bpelliconi@mcguirewoods.com
Sylvia J. Kim, Esq. (SBN 258363)
    Email: skim@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:  (310) 315-8200
Facsimile:   (310) 315-8210

Attorneys for Defendant
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORII GRAY, an individual on behalf of herself, and on behalf of all persons similarly situated,,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA NATIONAL ASSOCIATION, a Federal Banking Association with its principal place of business in North Carolina, and Does 1 to 100, Inclusive<br><br>Defendant. | CASE NO.:  3:09-cv-01091 SBA<br><br>**DEFENDANT BANK OF AMERICA, N.A.'s OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS** |

10186487.1

**DEFENDANT BANK OF AMERICA N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

## I. INTRODUCTION

Plaintiff Torii Gray's ("Plaintiff") Motion to Compel Responses to Interrogatories and Production of Documents (the "Motion") should be denied in that it was brought prior to Plaintiff engaging in a good faith meet and confer process with Defendant, and it is procedurally defective and moot. Plaintiff's Motion is procedurally defective in that it fails to comply with the formatting requirements of Local Rule 37-2 as Plaintiff failed to set forth each request and Defendant's response thereto in the Motion and failed to submit a statement detailing the basis for her contentions that she is entitled to further responses to each contested response from Defendant. Accordingly, neither Defendant nor the Court can ascertain, with any degree of certainty, which specific discovery responses are at issue or the specific reasons for Plaintiff's challenge to those responses. Therefore, Defendant cannot provide a substantive opposition to Plaintiff's Motion.

In addition, Plaintiff failed to engage in a meaningful meet and confer conference with Defendant prior to filing the Motion. Specifically, on October 29, 2009, counsel for Plaintiff and Defendant agreed to engage in a telephonic conference to thoroughly discuss Defendant's original responses and Plaintiff's issues with same on October 30, 2009. Plaintiff, who was to initiate the October 30th call, never did so. Having failed to meet and confer as agreed on October 30, 2009, the parties agreed to hold the meet and confer conference on November 3, 2009 at 11:00 a.m. with Plaintiff's counsel to initiate the call. Again, Plaintiff's counsel never called on November 2, 2009 and instead filed the Motion on November 6, 2009 without ever having a conversation with Defendant's counsel about the outstanding discovery issues. On the same day Defendant's counsel received the Motion, Defendant's counsel wrote to request that Plaintiff withdraw her Motion so that the parties could adequately meet and confer. Plaintiff refused to withdraw the motion and did not engage in any further meet and confer efforts with Defendant.

Notwithstanding Plaintiff's failure to engage in a good faith meet and confer

conference with Defendant and the procedural defects with the Motion, Plaintiff's Motion also should be denied because it is moot. Plaintiff has known since October 27, 2009 that Defendant intended to supplement its responses to Plaintiff's interrogatories and requests for production of documents (the "Requests") on November 20, 2009. Indeed, Defendant advised Plaintiff on at least four separate occasions, both before and after Plaintiff filed the Motion, that such supplemental responses were forthcoming on that date. In fact, as promised, Defendant served supplemental responses to Plaintiff on November 20, 2009, rendering the Motion moot.

## II. STATEMENT OF FACTS

On September 28, 2009, Defendant received a self-described "meet and confer" letter from Plaintiff which only specifically addressed one interrogatory response and three requests for production of documents. Despite only specifically addressing a total of four discovery responses, Plaintiff's letter demanded that Defendant supplement *all* of its discovery responses within a four day time limit. *See* Exhibit B to Plaintiff's Motion. Upon receipt of the letter, Defendant's counsel, informed Plaintiff's counsel, *via* email that Defendant would respond to Plaintiff's letter but could not do so within the proscribed time limit. *See* Declaration of Michelle R. Walker ("Walker Decl."), ¶ 3. Thereafter, on October 27, 2009, Defendant offered to provide supplemental responses to Plaintiff's Requests by November 20, 2009 and was never advised that the supplemental response date was unsatisfactory. *See* Walker Decl., ¶ 4, Ex. A.

On or about October 29, 2009, Plaintiff's counsel left a voicemail message for Defendant's counsel, requesting that the parties engage in a detailed discussion regarding Plaintiff's September 28, 2009 letter. *See* Walker Decl., ¶ 5. Defendant's counsel responded by e-mail and offered to confer with Plaintiff's counsel the following day, October 30, 2009. *See* Walker Decl., ¶ 5, Ex. B. Plaintiff confirmed her availability but failed to initiate a conference as agreed. *See* Walker Decl., ¶ 5.

Having heard nothing from Plaintiff's counsel on October 30th, Defendant's counsel sent her another email on Monday, November 2, 2009, again offering to meet and confer with her on November 3, 2009. Again, Plaintiff's counsel confirmed the date and time of the conference and stated that she would initiate the call. *See* Walker Decl., ¶ 6. Ex. C. November 3rd came and went with no meet and confer call from Plaintiff's counsel.  In fact, from November 3, 2009 until November 6, 2009, the day that Plaintiff filed her Motion, Plaintiff's counsel made no effort to contact or confer with Defendant's counsel despite defense counsel's written offers to engage in a meaningful meet and confer conference related to Plaintiff's September 26, 2009 letter. *See* Walker Decl., ¶ 6.

When Plaintiff filed her Motion on November 6, 2009 having failed or refused to engage in a good faith meet and confer discussion, Defendant was surprised. In addition to offering to engage in good faith meet and confer process, Defendant also had specifically advised Plaintiff's counsel that it would supplement its responses on November 20th and Plaintiff had not communicated any objections to Defendant's offer.  Even after Plaintiff filed her Motion, Defendant again advised her that it intended to supplement its responses by November 20, 2009 and requested that Plaintiff withdraw her Motion accordingly.  *See* Walker Decl., ¶ 7, Ex. D.  Defendant further advised Plaintiff that her Motion failed to comply with the Local Rules because Plaintiff had failed to engage in a good faith meet and confer conference with Defendant. *See* Walker Decl., ¶ 7, Ex. D. Plaintiff refused to withdraw the Motion when requested thereby unnecessarily wasting the time and resources of both Defendant and the Court by initiating briefing and a hearing on a defective Motion.

## III. LEGAL ARGUMENT

### A. Plaintiff's Motion Does Not Comply With Local Rule 37

Civ. L.R. 37-2 provides:

> In addition to complying with applicable provisions of Civil L.R. 7, a motion to compel further responses to discovery requests **must set forth each request in full, followed immediately by the objections and/or responses thereto**. For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of FRCivP 26(b)(2) are satisfied.

(emp. added). Plaintiff's Motion fails to comply with Civ. L.R. 37-2 because she failed to set forth each request and response in full and detail the basis for her contention that she is entitled to further discovery responses from Defendant. Plaintiff misconstrues the parties' relative burdens in arguing that "Bank of America is required to support its meritless objections and explain why discovery in this case should not move forward . . . ." Motion, p. 8. To the contrary, Plaintiff is the one who carries the burden of establishing that further responses to her Requests are warranted. *See, e.g.*, *Semedo v. Galvan*, No. CV F-03-5169 OWW DLB P, 2008 WL 744238, *1 (E.D. Cal. Mar. 17, 2008) ("The moving party bears the burden to demonstrate actual and substantial prejudice from the denial of discovery and the opposing party must support each ground on which it refused discovery."); *see also Brew v. Johnson*, No. 1:04-cv-05445-LJO-GSA-PC, 2008 WL 686433, * 1 (E.D. Cal. Mar. 11, 2008) (same); *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir. 2002) (same). Since Plaintiff failed to set forth any request or response in full and failed to state the bases for her position regarding each of Defendant's challenged responses, Defendant cannot ascertain with any legal certainty the grounds upon which the Motion is based.

> **B.** **Plaintiff's Motion Should Be Denied Because It Is Procedurally Defective and Premature Due To Plaintiff's Failure to Engage in a Good Faith Meet and Confer Process With Defendant Prior To Bringing the Motion, In Direct Violation of Local Rule 37-1**

As is set forth above, Plaintiff did not properly meet and confer in advance of filing her motion as required by the Local Rules.

Local Rule 37-1 requires that counsel for the moving party confer in *good*

*faith* with opposing counsel prior to filing a motion to compel.  Specifically, it provides, in relevant part that "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless pursuant to FRCivP 37, counsel have previously conferred for purposes of attempting to resolve all disputed issues." Civil L.R. 37-1(a).  Civ. L.R. 1-5(n) defines "meet and confer" or "confer" as follows:

> [**C**]**ommunicate directly** and discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone. **The mere sending of a written, electronic or voice-mail communication, however, does not satisfy a requirement to 'meet and confer.'  Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation.**

In the case at bar, it is undisputed that counsel for Plaintiff never engaged in direct dialogue with counsel for Defendant, despite counsel for Defendant's offer to do so, prior to filing the Motion. Accordingly, Plaintiff violated Local Rule 37-1(a). Specifically, Plaintiff's counsel never had a face-to-face meeting or a telephone conversation with Defendant's counsel prior to filing the Motion. This is true despite Defendant's counsel's good faith efforts to engage in a telephonic conversation with Plaintiff's counsel.  As is set forth in more detail in the attached declaration of Michelle R. Walker, Defendant's counsel, offered to engage in detailed telephonic discovery discussions with Plaintiff on at least two separate occasions, first on October 30, 2009, and then again, on November 3, 2009.  Both times, Plaintiff's counsel failed to initiate the scheduled conference despite advising Defendant's counsel that she would do so.  The only communication between the parties in relation to the Requests consist of an exchange of telephone messages, emails and letters in which Plaintiff, at most, notifies Defendant of her *intent* to meet and confer and further communicates her intention to engage in direct dialogue with Defendant about the discovery responses. Because Plaintiff's counsel has never **conferred in good faith with Defendant's counsel  regarding this discovery dispute,** the

Motion premature. *Liebb v. Daly*, Nos. C 04-950 CW (PR), C 04-4213 CW (PR), 2008 WL 902110, 1 (N.D. Cal. Mar. 31, 2008) (noting that the Court had, in an earlier order, denied the plaintiff's motion to compel on grounds that it was premature for failing to comply with the meet and confer requirements of N.D. Cal. Local Rule 37-1 and Fed. R. Civ. P. 37(a)(2)(B)). Therefore, this Court should deny Plaintiff's Motion *in toto*. *See, e.g.*, *Whitmore v. Pierce County Dept. of Community Corrections*, No. C05-5265RBL, 2007 WL 1545252, 1 (W.D. Wash. May 24, 2007) ("The failure of the parties to meet and confer, in and of itself, is grounds for denial of this motion."); *Keithley v. The Home Store.com, Inc.*, No. C-03-04447 SI (EDL), 2008 WL 2024977, 1 (N.D. Cal. May 8, 2008).

### C. Plaintiff's Motion Should Be Denied Because Defendant's Asserted Objections Were Valid And It Is Unclear Which Objections Are Being Challenged

In addition to the aforementioned fatal procedural defects in the Motion, the Motion is unwarranted because it rests on the false assumption that supplemental substantive responses were required when, in fact, Defendant asserted valid objections to Plaintiff's Requests. By way of example, Plaintiff propounded in excess of 25 interrogatories without obtaining a stipulation or court order permitting her to exceed the 25 interrogatory limit, in accordance with Local Rule 33(a)(1) and the parties Joint Case Management Statement (Dkt. # 18). Such numerical limits are implemented as a way to curb the burdensome practices that Plaintiff employed here, and to provide judicial scrutiny before parties make potentially excessive use of discovery. *See* Adv. Comm. Notes on 1993 Amendments to Fed. R. Civ. P. 33(a)(1). They are sound and cannot be changed by local court rule. *St. Paul Fire & Marine Ins. co. v. Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288, 289 (D. Ma. 2003). Therefore, pursuant to Fed. R. Civ. P. 33(a)(1), each interrogatory over number 25 was objectionable, and Defendant was under no obligation to provide a substantive response thereto.

Although Defendant can substantiate its remaining objections to each of

Plaintiff's Requests, it cannot present its arguments in any meaningful way here because Plaintiff failed to set forth the specific Responses being challenged and failed to submit a detailed explanation of the basis for her Motion with respect to thereto. Defendant cannot present arguments in support of its responses if Defendant does not know which specific objections are being challenged.

### D. **Plaintiff's Motion Should Be Denied Because It Is Unnecessary And Moot Since Defendant Provided Plaintiff With Supplemental Responses To Her Requests On November 20, 2009**

Plaintiff's Motion also should be denied because it is moot, as Defendant has provided Plaintiff with supplemental responses to the Requests. *See* Walker Decl., ¶¶ 4, 7 and 8, Exs. A, D and E; *see also* Declaration of Laura M. Cotter In Support Of Plaintiff's Motion ("Cotter Decl."), ¶ 6.

Defendant's counsel informed Plaintiff's counsel on at least four separate occasions that Defendant would supplement its responses to the Requests by November 20, 2009. First, on October 27, 2009, Ms. Walker emailed Ms. Cotter and advised her that Defendant intended to provide supplemental responses to Plaintiff's discovery requests by November 20, 2009. *See* Walker Decl., ¶ 4, Ex. A. Second, Plaintiff's counsel admits in her declaration in support of the Motion that, on October 30, 2009, Defendant "represented to the ENE evaluator, and counsel for Plaintiff, that 'responses' would be provided by November 20, 2009." (Dkt. # 25 - Cotter Decl., ¶ 6). Third, and upon being served with the Motion, Defendant's counsel again emailed Plaintiff's counsel, reminding her that Defendant agreed to provide supplemental responses to Plaintiff's Requests by November 20th. *See* Walker Decl., ¶ 7 Ex. D. Then, for the fourth time, on November 17, 2009, Defendant assured Plaintiff that supplemental responses to Plaintiff's discovery requests were forthcoming on November 20, 2009. *See* Walker Decl., ¶ 8, Ex. E. As promised, Defendant provided Plaintiff with supplemental responses the Requests on November 20,l 2009, thereby rendering the Motion moot. Accordingly,

10186487.1

7

**DEFENDANT BANK OF AMERICA N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

the Court should deny Plaintiff's Motion. *Semedo*, 2008 WL 744238 at *1 (denying plaintiff's motion on grounds that defendant represented that they had fully responded and provided all responsive discovery).

## IV. CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court DENY Plaintiff's Motion in its entirety.

DATED: November 22, 2009            MCGUIREWOODS LLP


                                    By: /s/ Michelle R. Walker
                                        Matthew C. Kane, Esq.
                                        Michelle R. Walker, Esq.
                                        Bethany A. Pelliconi, Esq.

                                    Attorneys for Defendant
                                    BANK OF AMERICA NATIONAL ASSOCIATION

10186487.1

8

**DEFENDANT BANK OF AMERICA N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

## DECLARATION OF MICHELLE R. WALKER

I, MICHELLE R. WALKER, declare:

1. I am an attorney at law duly licensed to practice law before all of the Courts in the State of California and in the United States District Court for the Northern District of California. I am a partner at McGuireWoods LLP and counsel of record for defendant Bank of America National Association ("BANA") in the above entitled action. I have personal knowledge of the facts and matters set forth in this declaration and could and would testify competently and truthfully to the same if called as a witnessed and placed under oath.

2. I make this declaration in support of BANA's opposition (the "Opposition") to Plaintiff's Motion to Compel Responses to Interrogatories and Production of Documents (the "Motion").

3. On September 28, 2009, I received a self-described "meet and confer" letter from Plaintiff's counsel, Laura Cotter, which only specifically addressed one interrogatory response and three requests for production of documents. Despite only specifically addressing a total of four discovery responses, Plaintiff's letter demanded that Defendant supplement *all* of its discovery responses within a four day time limit. A true and correct copy of Ms. Cotter's September 26, 2009 letter, received by me on September 28th, is attached as Exhibit B to the Motion. Upon receipt of the letter, Defendant's counsel, informed Plaintiff's counsel, *via* email that Defendant would respond to Plaintiff's letter but could not do so within the proscribed time limit.

4. Thereafter, on October 27, 2009, I sent an email to Ms. Cotter advising her that Defendant was offering to provide supplemental responses to Plaintiff's Requests by November 20, 2009. A true and correct copy of my October 27, 2009 email to Ms. Cotter is attached hereto as Exhibit A. Neither Ms. Cotter nor any other attorney representing Plaintiff ever advised me that the proffered supplemental response date was unsatisfactory.

10186487.1
9
**DEFENDANT BANK OF AMERICA N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

5. On or about October 29, 2009, Ms. Cotter left me a voicemail message requesting that the parties engage in a detailed discussion regarding Plaintiff's September 28, 2009 letter. I responded by e-mail and offered to confer with Ms. Cotter the following day, Friday, October 30, 2009. Ms. Cotter confirmed that October 30, 2009 was "fine" for purposes of engaging in the meet and confer conference but she never called me on that date as agreed. A true and correct copy of my October 29, 2009 email exchange with Ms. Cotter is attached hereto as Exhibit B.

6. Having heard nothing from Ms. Cotter on October 30th, I sent her another email on Monday, November 2, 2009, again offering to meet and confer with her on November 3, 2009. Again, Ms. Cotter confirmed the date and time of the conference and stated that she would initiate the call. A true and correct copy of the November 2, 2009 email exchange between Ms. Cotter and I is attached hereto as Exhibit C. November 3rd came and went with no meet and confer call from Ms. Cotter. In fact, from November 3, 2009 until November 6, 2009, the day that Plaintiff filed her Motion, Ms. Cotter made no effort to contact or confer with me despite my written offers to engage in a meaningful meet and confer conference related to her September 26, 2009 letter.

7. When Plaintiff filed her Motion on November 6, 2009 having failed or refused to engage in a good faith meet and confer discussion, I was surprised. In addition to offering to engage in good faith meet and confer process, I also had specifically advised Ms. Cotter, in writing, that Defendant would supplement its responses on November 20, 2009 and none of the attorneys representing Plaintiff had communicated any objections to my offer. Even after Ms. Cotter filed the Motion, I again advised her that BANA intended to supplement its responses by November 20, 2009 and requested that she withdraw the Motion accordingly. I further advised Ms. Cotter that her Motion failed to comply with the Local Rules because she had failed to engage in a good faith meet and confer conference with

me. Ms. Cotter refused to withdraw the Motion when requested thereby unnecessarily wasting the time and resources of both Defendant and the Court by initiating briefing and a hearing on a defective Motion. A true and correct copy of my November 6, 2009 email exchange with Ms. Cotter is attached hereto as Exhibit D.

8. On November 17, 2009, I again emailed Ms. Cotter and requested that she take the Motion off calendar and reminded her, for the fourth time, that Defendant would be providing supplemental its responses to the Requests at issue in Plaintiff's Motion on November 20, 2009. A true and correct copy of my November 17, 2009 email to Ms. Cotter is attached hereto as Exhibit E. Ms. Cotter again refused to withdraw the motion.

9. On November 20, 2009, I served BANA's supplemental responses to Plaintiff's first sets of interrogatories and requests for production upon Ms. Cotter via email in accordance with our agreement regarding the manner of service. On November 23, 2009, my assistant will mail the original responses to Ms. Cotter along with copies of the documents being produced.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on November 22, 2009, at Los Angeles, California.

                /s/ Michelle R. Walker
                MICHELLE R. WALKER

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is McGuireWoods LLP, 1800 Century Park East, 8th Floor, Los Angeles, CA 90067. On November 22, 2009, I served the document(s) described below in the manner set forth below:

DEFENDANT BANK OF AMERICA, N.A.'s OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS

XX   (BY ELECTRONIC SERVICE): I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court for the Southern District of California which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on November 22, 2009 at Los Angeles, California.

　　　　　　　　　　　　　　　　　　  /s/ Michelle R. Walker
　　　　　　　　　　　　　　　　**Michelle R. Walker**

10186487.1

12

**DEFENDANT BANK OF AMERICA N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**