**McGuireWoods LLP**
Matthew C. Kane, Esq. (SBN 171829)
    Email:  mkane@mcguirewoods.com
Michelle R. Walker, Esq. (SBN 167375)
    Email:  mwalker@mcguirewoods.com
Bethany A. Pelliconi, Esq. (SBN 182920)
    Email:  bpelliconi@mcguirewoods.com
Sylvia J. Kim, Esq. (SBN 258363)
    Email: skim@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:  (310) 315-8200
Facsimile:  (310) 315-8210

Attorneys for Defendant
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORII GRAY, an individual on behalf of herself, and on behalf of all persons similarly situated,,<br><br>    Plaintiff,<br><br>    vs.<br><br>BANK OF AMERICA NATIONAL ASSOCIATION, a Federal Banking Association with its principal place of business in North Carolina, and Does 1 to 100, Inclusive<br><br>    Defendant. | CASE NO.:  3:09-cv-01091 SBA<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S RESPONSE TO AND REQUEST TO STRIKE PLAINTIFF'S SUPPLEMENTAL STATUS REPORT OF DISCOVERY DISPUTE REGARDING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**<br><br>Hearing Date:  December 16, 2009<br>Time:          9:30 a.m.<br>Courtroom:    F |

10268486.1

**DEFENDANT BANK OF AMERICA, N.A.'S RESPONSE TO AND REQUEST TO STRIKE PLAINTIFF'S SUPPLEMENTAL REPORT OF DISCOVERY DISPUTE REGARDING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS - 3:09-cv-01091 SBA**

## I. INTRODUCTION

Plaintiff's Supplemental Status Report of Discovery Dispute Regarding Plaintiff's Motion to Compel Responses to Interrogatories and Production of Documents (the "Supplemental Report"), filed on December 10, 2009, is nothing more than poorly disguised effort to circumvent the Federal Rules of Civil Procedure, this court's Local Rules and Magistrate Judge Larson's Standing Orders. In fact, Plaintiff's "Supplemental Report" is a new or *supplemental motion to compel further discovery responses*. Indeed, Plaintiff twice requests relief from the Court in the form of an "order compelling that [certain] information be produced by a certain date." Supplemental Report, pp. 2 & 3. However, Plaintiff failed to comply with *any* of the mandatory procedural rules governing motions to compel, including Fed. R. Civ. P. 37(a)(1), Local Rules 37-1 and 37-2, and Judge Larson's Standing Orders.

Unfortunately, as is set forth in greater detail in Defendant's opposition to Plaintiff's Motion to Compel Responses to Interrogatories and Production Of Documents (the "Motion to Compel"), this is not Plaintiff's first attempt to circumvent the rules. *See* Defendant's Opposition to Motion to Compel (Dkt. # 31). Specifically, Plaintiff failed to engage in a good faith meet and confer process, prior to filing the Motion to Compel, as is required by Fed. R. Civ. P. Rule 37(a)(1), this court's Local Rule 37-1 and Magistrate Judge Larson's Standing Orders. Those same rules and orders are violated with regard to Plaintiff's Supplemental Report, which is actually nothing more than a second and separate motion to compel *further* discovery responses. In addition, as with the original Motion to Compel, filed on November 6, 2009, Plaintiff's Supplemental Report fails to comply with Local Rule in that it does not set forth in full each disputed request and objection thereto or the detailed basis for her contention that she is entitled to the requested discovery.

Finally, Plaintiff fails to cite to any authority which authorizes her to file a supplemental motion to compel further discovery responses without complying the procedural rules of the Federal Rules of Civil Procedure, this Court's Local Rules

and Judge Larson's Standing Orders.  Accordingly, Plaintiff's Supplemental Report, which, in actuality, is nothing more than a *supplemental motion to compel further discovery responses*, is procedurally defective and should be stricken.

## II.  STATEMENT OF FACTS

On November 6, 2009, Plaintiff filed her Motion to Compel (Dkt. # 24). ("Motion to Compel").  Prior to, and after, the filing of the Motion to Compel, Defendant repeatedly offered to provide supplemental responses to the disputed discovery requests by November 20, 2009.  *See* Declaration of Michelle R. Walker ("Walker Decl."), ¶¶ 3 & 4.  However, Plaintiff never met and conferred with Defendant's counsel regarding the proffered supplemental responses prior to filing the Motion to Compel and then refused to withdraw the Motion to Compel, thereby forcing Defendant to file an opposition to her motion on the same day that it promised to, and did, provide supplemental responses.  *See* Walker Decl., ¶¶ 4 & 5 *and* Defendant's Opposition to Plaintiff's Motion to Compel (Dkt. # 31). Plaintiff's counsel also repeatedly assured Defendant's counsel that once Plaintiff received the further discovery responses, Plaintiff would withdraw the motion to compel. *See* Walker Decl., ¶ 6.

On November 30, 2009, having received no notice of the withdrawal of the Motion to Compel, Defendant's counsel sent correspondence to Plaintiff's counsel inquiring when Plaintiff planned to would withdraw her Motion to Compel, as promised. *See* Walker Decl, ¶ 7. In response to the inquiry, Plaintiff's counsel responded that Plaintiff would only withdraw the Motion upon confirmation from Defendant that it would provide Plaintiff with putative class members' contact information and computer log-in and log-out records.  *See* Walker Decl., ¶ 7. Specifically, Plaintiff asked whether Defendant would produce the class list once the parties agreed to a *Belaire* notice, and inquired by what method the Plaintiffs would pay the costs for producing computer log-in and log-out records.  *See* Walker Decl., ¶ 7.

10268486.1

2

**DEFENDANT BANK OF AMERICA, N.A.'S RESPONSE TO AND REQUEST TO STRIKE PLAINTIFF'S SUPPLEMENTAL STATUS REPORT OF DISCOVERY DISPUTE REGARDING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS - 3:09-cv-01091 SBA**

Counsel for Defendant advised Plaintiff's counsel, on two separate occasions that, assuming the parties could agree to a *Belaire* notice, Defendant would provide contact information for all of the putative class members who do not opt out through the *Belaire* notice procedure, provided that Defendant's motion for summary judgment based on National Bank Act is not pending on calendar. *See* Walker Decl., ¶¶ 8 & 9. As for the computer log-in and log-out records, Defendant offered to cover the cost of producing such records as they relate to Torii Gray, and to follow-up with a cost-estimate of producing the records as they relate to the putative class members once the opt-out period has expired and the scope of the putative class becomes more defined. *See* Walker Decl., ¶ 8.

Notwithstanding Defendant's cooperation in the discovery process and the various concessions it has made, Plaintiff filed this Supplemental Report, now seeking an order compelling Defendant to produce *further* discovery responses and documents. As discussed more fully below, Plaintiff's Supplemental Report is not only duplicative of its pending Motion to Compel but is also procedurally defective and should be stricken.

## III. ARGUMENT

### A. Plaintiffs' Supplemental Report Should Be Stricken Because It Is, In Effect, A New Motion To Compel *Further* Discovery Responses That Fails To Conform To The Mandates Of Fed. R. Civ. P. 37(a)(1), Local Rule 37-1 and Magistrate Judge Larson's General Standing Orders

Fed. R. Civ. P. 37(a)(1) provides, in pertinent part, as follows:

> The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues. If counsel for the moving party seeks to arrange such a conference and opposing counsel refuses or fails to confer, the Judge may impose an appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer.

Similarly, Local Rule 37-1 provides, in pertinent part, as follows:

> The Court will not entertain a request or a motion to resolve a

disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues.

Magistrate Judge Larson's Standing Orders echo the foregoing two Rules and add further, more specific procedures that the parties are required to follow prior to the filing of a motion to compel discovery responses. More specifically, Judge Larson's Standing Order provides, in pertinent part:

> The parties shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer.
>
> If, after a good faith effort, the parties have not resolved their dispute, they shall prepare a concise joint statement of 5 pages or less, stating the nature and status of their dispute . . . . **The joint statement or individual statements shall be filed or e-filed, if in an e-filing case, and courtesy copies submitted as provided by the Civil Local Rules.**

*See* Judge Larson's Standing Order, Paragraph 8 (emp. in orig.).

Accordingly, Fed. R. Civ. P. 37(a)(1), Local Rule 37-1 and Judge Larson's Standing Order collectively require that prior to the filing of a motion to compel, the moving party attempt a good faith meet and confer effort and, if the parties are still unable to resolve their dispute after the meet and confer effort, submit joint or individual statements explaining the nature and status of their dispute to the Court. *See also Soto v. City of Concord*, 162 F.R.D. 603, 623 (N.D. Cal. 1995). In fact, courts in the Ninth Circuit often deny motions to compel in their entirety on the sole ground that the moving party failed to adhere to the Court's local rules. *See, e.g.*, *Crossbow Technology, Inc. v. YH Technology*, No. C-03-04360 SI (EDL), 2007 WL 926876 (N.D. Cal. 2007) (denying motion to compel on grounds that movant failed to comply with Local Rule 37-1). Moreover, the moving papers must include a certification that the movant has "in good faith conferred or attempted to confer" with the other party. Fed. R. Civ. P. 37(a)(1).

Plaintiff's Supplemental Report, however, fails to conform to any of the

foregoing requirements.  Plaintiff did not make *any* attempt at a meet and confer with Defendant's counsel nor did Plaintiff initiate the submission of a joint statement explaining the dispute.  Not surprisingly, Plaintiff also did not make the requisite certification of a good faith meet and confer attempt.  Therefore, this court should not only deny the relief requested in Plaintiff's Supplemental Report, i.e., an order compelling *further* responses to Plaintiff's discovery requests, but also should strike the Supplemental Report all together as Plaintiff has failed to present any authority to support the filing of such a motion without compliance with all requisite procedural rules, including the Federal Rules of Civil Procedure, this Court's Local Rules and Judge Larson's Standing Orders.

**B.  Plaintiffs' Supplemental Motion Should Be Stricken For Failure To Comply With Local Rule 37-2**

This Court's Local Rules have specific mandates for parties to follow in terms of the manner in which they format, structure and content of motions to compel discovery.  Civil Local Rule 37-2 provides, in pertinent part, as follows:

> [A] motion to compel further responses to discovery requests ***must set forth each request in full, followed immediately by the objections and/or responses thereto.*** For each such request, the moving papers ***must detail the basis for the party's contention that it is entitled to the requested discovery*** and ***must show how the proportionality and other requirements of FRCivP 26(b)(2) are satisfied.***

(emp. added).  Failure to follow Local Rule 37-2 will result in denial of a party's motion to compel discovery in its entirety.  *See, e.g.*, *Dimmick v. U.S.*, No. C 05-0971 PJH, 2006 WL 1646116, *1 (N.D. Cal. June 13, 2006) (denying plaintiff's motion to compel responses to document requests in its entirety on grounds that plaintiff's failed to comply with Local Rule 37-2).

Here, Plaintiff failed to comply with Local Rule 37-2 because, among other reasons, Plaintiff did not "set forth [in her Supplemental Report] each request in full" and did not list all "objections and/or responses thereto."  Plaintiff also failed to "detail the basis for [her] contention that [she] is entitled to the requested discovery."  Instead, Plaintiff asks the court to order discovery without citation to a

single authority to support her request. Plaintiff's Supplemental Report therefore is not only procedurally defective because it fails to comply with Local Rule 37-2 but it is also, to some extent, duplicative, and entirely unavailing and ineffectual.

## IV.  CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that this Court STRIKE and wholly disregard Plaintiff's Supplemental Report.

DATED: December 14, 2009     **MCGUIREWOODS LLP**

By: /s/ Michelle R. Walker
    Matthew C. Kane, Esq.
    Michelle R. Walker, Esq.
    Bethany A. Pelliconi, Esq.
    Sylvia J. Kim, Esq.

Attorneys for Defendant
BANK OF AMERICA, N.A.

10268486.1

6

**DEFENDANT BANK OF AMERICA, N.A.'S RESPONSE TO AND REQUEST TO STRIKE PLAINTIFF'S SUPPLEMENTAL STATUS REPORT OF DISCOVERY DISPUTE REGARDING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS - 3:09-cv-01091 SBA**

## DECLARATION OF MICHELLE R. WALKER

I, MICHELLE R. WALKER, declare:

1. I am an attorney at law duly licensed to practice law before all of the Courts in the State of California and in the United States District Court for the Northern District of California. I am a partner at McGuireWoods LLP and counsel of record for defendant Bank of America National Association ("Defendant") in the above entitled action. I have personal knowledge of the facts and matters set forth in this declaration and could and would testify competently and truthfully to the same if called as a witnessed and placed under oath.

2. I make this declaration in support of Defendant's Response to and Request to Strike Plaintiff's Supplemental Status Report of Discovery Dispute Regarding Plaintiff's Motion to Compel Responses to Interrogatories and Production of Documents ("Supplemental Report").

3. On October 27, 2009, I sent an email to Plaintiff's counsel, Laura Cotter, advising her that Defendant would provide supplemental responses to Plaintiff's interrogatories and document requests by November 20, 2009. A true and correct copy of my October 27, 2009 email to Ms. Cotter is attached as Exhibit A to Defendant's Opposition to the Motion to Compel (Dkt. #31). Neither Ms. Cotter nor any other attorney representing Plaintiff ever advised me that the proffered supplemental response date was unsatisfactory.

4. Thereafter, Ms. Cotter made no effort to contact or confer with me despite my written offers to engage in a meaningful meet and confer conference. Instead, Plaintiff filed a Motion to Compel Responses to Interrogatories and Request for Document ("the Motion to Compel") on November 6, 2009 without having first engaged in a good faith meet and confer discussion. Even after Ms. Cotter filed the Motion to Compel, I again advised her that Defendant intended to supplement its responses by November 20, 2009 and requested that she withdraw the Motion accordingly. I further advised Ms. Cotter that her Motion to Compel failed to

comply with the Local Rules because she had not engaged in a good faith meet and confer conference with me. Ms. Cotter refused to withdraw the Motion to Compel when requested thereby unnecessarily wasting the time and resources of both Defendant and the Court by initiating briefing and a hearing on a defective Motion to Compel. A true and correct copy of my November 6, 2009 email exchange with Ms. Cotter is attached as Exhibit B to Defedant's Opposition to the Motion to Compel (Dkt. #31).

5. On November 20, 2009, I served Defendant's supplemental responses to Plaintiff's first sets of interrogatories and requests for production upon Ms. Cotter via email in accordance with our agreement regarding the manner of service. My assistant mailed the original responses to Ms. Cotter along with copies of the documents being produced on November 23, 2009.

6. Between November 6 and November 20, 2009, Ms. Cotter assured me, more than once, that she would withdraw the Motion to Compel upon receipt of Defendant's supplemental discovery responses. True and correct copies of email exchanges between Ms. Cotter and me, wherein she advised me that the Motion to Compel would be withdrawn upon receipt of Defendant's supplemental discovery responses, are attached as Exhibits D and E to Defendant's Opposition to the Motion to Compel (Dkt. #31).

7. Having received no notice of the withdrawal of the Motion to Compel, on November 30, 2009, I emailed Ms. Cotter to find out when Plaintiff intended to notify the Court of the withdrawal. Surprsingly, Ms. Cotter responded that Plaintiff would now only withdraw its Motion to Compel if the parties could reach an agreement regarding Plaintiff's request for putative class members' contact information and computer log-in and log-out records. Specifically, Ms. Cotter wanted Defendant to agree to produce the class list once the parties agreed to a *Belaire* notice, and inquired by what method the Plaintiff would pay the costs for producing computer log-in and log-out records. A true and correct copy of my

1  November 30, 2009 email exchange with Ms. Cotter is attached hereto as Exhibit A.

2        8.    On December 4, 2009, I responded to Ms. Cotter's email and advised her that, assuming the parties could reach an agreement as to a *Belaire* notice, the Defendant would provide contact information for all putative class members who do not opt out through the *Belaire* notice procedure, provided that there is no motion for summary judgment based on National Bank Act preemption pending on calendar.  Ms. Walker also advised Ms. Cotter that Defendant would cover the costs of producing computer log-in and log-out records relating to Torii Gray.  As for the remaining putative class members, I advised Ms. Cotter that Defendant would be better positioned to offer a cost estimate for producing their computer log-in and log-out records once the opt-out period has expired and the scope of the putative class is more defined.  A true and correct copy of my December 4, 2009 email to Ms. Cotter is attached hereto as Exhibit B.

      8.    The last communication I had with Ms. Cotter took place on December 8, 2009, when I again advised her that Defendant would agree to start the process of reviewing and revising a *Belaire* notice, but, in the event Defendant's anticipated motion for summary judgment was filed and a hearing date was selected during the process, Defendant would seek a stay of the *Belaire* notice process pending the outcome of its summary judgment motion.

      I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

      Executed on December 14, 2009, at Los Angeles, California.

                                  /s/ Michelle R. Walker
                                MICHELLE R. WALKER

10268486.1

9

**DEFENDANT BANK OF AMERICA, N.A.'S RESPONSE TO AND REQUEST TO STRIKE PLAINTIFF'S SUPPLEMENTAL STATUS REPORT OF DISCOVERY DISPUTE REGARDING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS - 3:09-cv-01091 SBA**

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is McGuireWoods LLP, 1800 Century Park East, 8th Floor, Los Angeles, CA 90067. On November 22, 2009, I served the document(s) described below in the manner set forth below:

DEFENDANT BANK OF AMERICA, N.A.'s OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS

XX   (BY ELECTRONIC SERVICE): I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court for the Southern District of California which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on _____, 2009 at Los Angeles, California.

　　　　　　　　　　　　　　　　　 /s/ Michelle R. Walker
　　　　　　　　　　　　　　　　**Michelle R. Walker**

10268486.1

10

**DEFENDANT BANK OF AMERICA, N.A.'S RESPONSE TO AND REQUEST TO STRIKE PLAINTIFF'S SUPPLEMENTAL STATUS REPORT OF DISCOVERY DISPUTE REGARDING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS - 3:09-cv-01091 SBA**